| | | |
|---|---|---|
| NORTH CAROLINA | | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| RANDOLPH COUNTY | | 24 CVS 289 |

RICKY FRAZIER CONSTRUCTION, )
LLC )
                                 )
      Plaintiffs,       )
                                 )     **COMPLAINT**
v.                             )
                                 )
FARMER & ASSOCIATES, INC.; )
FARMER ASHEBORO NC, LLC; and )
PERSONS SERVICES CORP., )
      Defendants.

PLAINTIFF Ricky Frazier Construction, LLC, complaining of the Defendants, avers:

1. Plaintiff is a corporation organized under the laws of the State of North Carolina with a principal place of business in Randleman, Randolph County, North Carolina.

2. Upon information and belief, Farmer & Associates, Inc. ("Farmer Associates") is North Carolina Corporation, doing business in the State of North Carolina, including Randolph County, North Carolina.

3. Although Farmer Associates is listed on the North Carolina Secretary of State's website as a registered entity, it does not include a registered agent nor a principal place of business.

4. As such, in the alternative, Farmer Associates is an Alabama company organized and existing under the laws of Alabama, doing business in the State of North Carolina, including Randolph County, North Carolina.

5. Upon information and belief, Defendant Farmer Asheboro NC, LLC ("FAN") is a limited liability company organized and existing under the laws of Alabama, doing business in the State of North Carolina, including Randolph County, North Carolina.

6. Upon information and belief, Defendant Persons Services Corp. ("Persons" or "General Contractor") is an Alabama company organized and existing under the laws of Alabama, is registered and is doing business in the State of North Carolina, including Randolph County, North Carolina; and with a registered agent in Wake County, North Carolina.

7. Upon information and belief, Farmer Associates is the record owner of the real estate located in Randolph County, North Carolina and more particularly described as:

> **1004 North Fayetteville Street, Asheboro, Randolph County, North Carolina 27203, and being more particularly described in that certain Deed recorded in Book 2806, 814, Randolph County Register of Deeds.**

(the "Property").

8. Upon information and belief, FAN was at all times relevant herein, was acting as an agent for Farmer Associates, the owner of the Property.

9. Upon information and belief, FAN, in the course and scope of its agent with Farmer Associates, executed a contract for the improvement of the Property with Persons, which served as the general contractor for the construction of a Family Dollar Tree on the Property (the "Project").

10. Upon information and belief, Persons contracted with Plaintiff to make improvements to the Property.

11. Plaintiff entered a valid and enforceable contract with Persons, whereby Plaintiff was to provide labor and materials in furtherance of the Project.

12. Specifically, Plaintiff provided, among other things, the following labor and materials for the Project: Demolition, clearing and grubbing, cut to fill, import and borrow, haul off and disposal, erosion control and best management practices (BMPs), maintenance, storm piping, grate inlets, headwalls, inlet protection, construction entrance, grading, compaction, final

2

grading, topsoil, cleanup to offsite, improved subgrade, select fill, and whereby Persons was to pay Plaintiff for said materials and labor (the "Contract"). A copy of the Contract is attached as **Exhibit A** and incorporated herein by reference.

13. Plaintiff performed its obligations under the Contract by providing said labor and materials to the Property.

14. Persons failed to perform its obligations under the Contract by refusing to pay the full amount for work performed and materials provided by Plaintiff.

15. On October 27, 2023, Plaintiff served its Lien Upon Funds By First, Second or Third Tier Subcontractor (the "Lien on Funds") on Defendants for amounts then due and owing by Persons to Plaintiff, a copy of which is attached hereto as **Exhibit B** and incorporated herein by reference.

16. Upon information and belief, after being served the Lien on Farmer Associates and/or FAN continued to make payments to Persons.

17. Upon information and belief, funds are still owed to Persons for work it performed on the Property from Farmer Associates and/or FAN.

18. On November 3, 2023, Plaintiff filed with the Randolph County Clerk of Superior Court and served its Claim of Lien on Real Property N.C.G.S § 44A (the "Lien on Real Property") on Defendants for the amounts then due and owing by Persons to Plaintiff; a copy of which is attached hereto as **Exhibit C** and incorporated herein by reference.

19. As of the date of the filing of this Complaint, the unpaid principal balance due from Persons to Plaintiff for labor and materials provided to the Property is $203,539.54, plus interest from the date of breach, plus attorneys' fees.

20. Despite demand by Plaintiff, Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the unpaid balance due for labor and materials provided by Plaintiff for improvements to the Property.

21. Pursuant to the provisions of §6-21.2 of the North Carolina General Statutes, Plaintiff hereby notifies Defendants that they may pay the obligations referenced herein within five (5) days of the date of service of the Complaint to avoid the enforcement of attorney's fees; however, if such payment is not made within such five (5) day period, Plaintiff will enforce the attorneys' fees as allowed by law.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

22. Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if herein fully set forth.

23. Persons and Plaintiff entered into a valid and enforceable Contract, which is attached as Exhibit A and incorporated herein by reference.

24. Plaintiff fully performed all material terms of the Contract, entitling Plaintiff to payment.

25. Persons, however, breached its obligations by failing to pay Plaintiff for work performed as required under the Contract.

26. Persons' failure to pay Plaintiff for the labor and materials constitutes a breach of contract, entitling Plaintiff to have and recover from Persons the principal sum of $203,539.54, plus interest from the date of breach, plus attorneys' fees.

## SECOND CLAIM FOR RELIEF
(Enforcement of Claim of Lien)

27. Plaintiff incorporates herein by reference the allegations contained in the foregoing

paragraphs of this Complaint as if herein fully set forth.

28. Plaintiff, pursuant to a contract, either express or implied, with Defendants as "owner" of "real property" located in Randolph County, North Carolina, and previously defined as the Property, provided labor and materials to "improve" such "real property" for Defendants as "owner," as those terms are defined pursuant to §44A-7 of the North Carolina General Statutes.

29. On or about November 3, 2023, pursuant to the provisions of North Carolina General Statutes §44A-12, Plaintiff filed in the Office of the Clerk of Superior Court of Randolph County a Claim of Lien on Real Property docketed as 23 M 186 (the Lien on Real Property).

30. Pursuant to the provisions of §44A-35 of the North Carolina General Statutes, Plaintiff is entitled to reasonable attorney's fees to be taxed as part of the costs of this action.

31. Upon the entry of a Judgment against Defendants, Plaintiff is entitled to a sale of the Property to satisfy the outstanding debt, plus interest from the date of breach until paid, and reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF - IN THE ALTERNATIVE
(Quantum Meruit)

32. Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if herein fully set forth.

33. Plaintiff rendered a service to Defendants by providing labor and materials for improvements to the Property.

34. The aforesaid labor and materials provided to Defendants had some value to Defendants.

35. At the time Plaintiff provided the aforesaid labor and materials to the Property, Plaintiff expected payment.

36. Plaintiff's expectation of payment was reasonable.

37. Defendants received labor and materials provided by Plaintiff with knowledge or reason to know that Plaintiff expected to be paid.

38. Defendants voluntarily accepted the labor and materials provided by Plaintiff.

39. The reasonable value of the labor and materials provided by Plaintiff to Defendants is $203,539.54. Plaintiff is entitled to judgment in its favor and against Defendants in the amount of $203,539.54.

## FOURTH CLAIM FOR RELIEF
(Enforcement of Claim of Lien on Funds)

40. Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if herein fully set forth.

41. Upon information and belief, FAN, as agent for the Property Owner, Farmer Associates; contracted with Persons, as general contractor' for construction and/or improvements to the Property.

42. Persons contracted with Plaintiff for construction and improvements to the Property.

43. Pursuant to the Contract, Plaintiff provided labor and materials for construction and/or improvements to the Property and the Project.

44. On October 27, 2023, Plaintiff served the Lien on Funds on Defendants for amounts then due and owing by Persons to Plaintiff.

45. Upon information and belief, FAN and/or Farmer Associates currently retains and owes funds to Persons because of Persons construction and/or improvements to the Property.

46. Upon information and belief, FAN and/or Farmer Associates currently retains and owes funds to Persons because of Persons' construction and/or improvements to the Property.

6

47. Upon information and belief, since receiving Plaintiff's Lien on Funds, FAN and/or Farmer Associates paid Persons for construction and/or improvements to the Property.

48. Pursuant to North Carolina General Statute 44A, Plaintiff is entitled to a lien on all funds owed by FAN and/or Farmer Associates to Persons' at the time of and after service of the Lien on Funds.

49. Plaintiff is entitled to a direct claim against FAN and/or Farmer Associates to the extent FAN and/or Farmer Associates disbursed funds to Persons after FAN and/or Farmer Associates were served the Lien on Funds.

WHEREFORE, Plaintiff prays:

1. That plaintiff have and recover of Defendants, jointly and severally, the principal sum of $203,539.54, plus interest from the date of breach until paid;

2. That upon entry of a Judgment against Defendants, that the Court enter Judgment and order a sale of the Property to satisfy the principal debt $203,539.54, plus interest from the date of breach until paid, as well as an award of attorneys' fees;

3. That the costs of this action, including Plaintiff's attorneys' fees as allowed by law as provided herein, be taxed against Defendants, jointly and severally; and

4. That the Court grant to Plaintiff such other and further relief as to the Court may deem just and proper.

This the 7th day of February, 2023.

*/s/ Kevin A. Rust*

Kevin A. Rust
NC State Bar No.: 35836
*Attorney for Plaintiff*
CARRUTHERS & ROTH, P.A.
P. O. Box 540
Greensboro, NC 27402
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
Email: kar@crlaw.com

8