# IN THE UNITED STATES COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **RICKY FRAZIER CONSTRUCTION, LLC,** § § | |
| **Plaintiff,** § § § | **CIVIL ACTION NUMBER:** |
| vs. § § | **1:24-cv-00228-LCB-LPA** |
| **FARMER & ASSOCIATES, INC.,** § **FARMER ASHEBORO NC, LLC, and** § **PERSONS SERVICES CORP.,** § § | |
| **Defendants.** § | |

## ANSWER AND COUNTERCLAIM

Defendants Farmer & Associates, Inc. ("Farmer & Associates"), Farmer Asheboro NC, LLC ("Farmer Asheboro") and Persons Services, Corp. ("Persons Services") (collectively, "Defendants"), answer the Complaint against them, as follows:

## Answer

1. Upon information and belief, admitted.

2. Farmer & Associates is an Alabama corporation with its principal place of business in Mobile, Alabama. Farmer & Associates admits it has done business in North Carolina, but it is not organized under North Carolina laws nor is it principally located in North Carolina. The Defendants deny any remaining material allegations of paragraph 2 of the Complaint and demand strict proof thereof.

3. The Defendants deny the material allegations of paragraph 3 of the Complaint and demand strict proof thereof.

4. Farmer & Associates admits it is an Alabama corporation organized and

existing under the laws of Alabama, principally located and doing business in Mobile, Alabama. Farmer & Associates further admits that it has done business in North Carolina. The Defendants deny any remaining material allegations of paragraph 4 of the Complaint and demand strict proof thereof.

5. Farmer Asheboro is an Alabama limited liability company organized and existing under the laws of Alabama, with its principal place of business in Mobile, Alabama. Farmer Asheboro admits it has done business in North Carolina, but is principally located in Alabama. The Defendants deny any remaining material allegations of paragraph 5 of the Complaint and demand strict proof thereof.

6. Persons Services is an Alabama corporation organized and existing under the laws of Alabama and principally located in Mobile, Alabama. Persons Services admits that it has registered as a foreign entity in North Carolina and has a registered agent in North Carolina, but is principally doing business in Alabama. The Defendants deny any remaining material allegations of paragraph 6 of the Complaint and demand strict proof thereof.

7. Admitted.

8. Farmer & Associates owns the Property at issue in the Complaint and Farmer Asheboro managed the development of the Property at issue in the Complaint. The Defendants deny any remaining material allegations of paragraph 8 of the Complaint and demand strict proof thereof.

9. The Defendants admit that Farmer Asheboro entered into a contract with

Person Services, for Persons Services to act as the general contractor in developing the Property described in the Complaint. The Defendants deny any remaining material allegations of paragraph 9 of the Complaint and demand strict proof thereof.

10. Persons Services entered into a subcontract with the Plaintiff to perform certain subcontractor work on the improvement of the Property described in the Complaint. The Defendants deny any remaining material allegations of paragraph 10 of the Complaint and demand strict proof thereof.

11. Admitted.

12. The Plaintiff performed some of the contracted tasks, but failed to do so in a timely fashion and caused significant and costly delays on the development of the Property described in the Complaint. The Defendants admit that the Contract attached to the Complaint speaks for itself. The Defendants deny any remaining material allegations of paragraph 12 of the Complaint and demand strict proof thereof.

13. The Defendants deny that the Plaintiff properly and timely performed its obligations under the Contract. The Defendants deny any remaining material allegations of paragraph 13 of the Complaint and demand strict proof thereof.

14. Persons Services denies that it failed to perform its obligations under the Contract. The Defendants deny any remaining material allegations of paragraph 14 of the Complaint and demand strict proof thereof.

15. The Defendants admit that Exhibit B speaks for itself, but do not admit that the lien is valid or enforceable. The Defendants deny any remaining material allegations

NPDocuments:62740700.1

of paragraph 15 of the Complaint and demand strict proof thereof.

16. The Defendants state that the amounts Plaintiff claims are owed to Plaintiff have not been paid from Farmer & Associates or Farmer Asheboro to Persons Services. Defendants further deny that any amounts have been paid by Farmer & Associates or Farmer Asheboro to Persons Services on the Project since October 20, 2023. The Defendants deny any remaining material allegations of paragraph 16 of the Complaint and demand strict proof thereof.

17. The Defendants assert that money is owed to Persons Services only to the extent that a Court of law determines that some or all of Plaintiff's claims are valid and enforceable. The Defendants deny any remaining material allegations of paragraph 17 of the Complaint and demand strict proof thereof.

18. The Defendants admit that Exhibit C speaks for itself, but do not admit that the lien is valid or enforceable. The Defendants deny any remaining material allegations of paragraph 18 of the Complaint and demand strict proof thereof.

19. The Defendants deny the material allegations of paragraph 19 of the Complaint and demand strict proof thereof.

20. The Defendants admit that demands have been made by the Plaintiff for payment of monies the Defendants contend are not owed to the Plaintiff. The Defendants deny any remaining material allegations of paragraph 20 of the Complaint and demand strict proof thereof.

21. The Defendants deny that the Plaintiff is entitled to attorneys' fees pursuant

to §6-21.2 of the North Carolina General Statutes and further deny that there are any provisions in the subcontract between Plaintiff and Persons Services which entitle Plaintiff to attorneys' fees. The Defendants deny any remaining material allegations of paragraph 21 of the Complaint and demand strict proof thereof.

### Count One – Breach of Contract

22. The Defendants adopt and recite all of the foregoing responses in answer to the allegations of paragraph 22 of the Complaint.

23. The Defendants admit that Persons Services and Plaintiff had a valid and enforceable contract that the Plaintiff breached. The Defendants deny the remaining material allegations of paragraph 23 of the Complaint and demand strict proof thereof.

24. The Defendants deny the material allegations of paragraph 24 of the Complaint and demand strict proof thereof.

25. The Defendants deny the material allegations of paragraph 25 of the Complaint and demand strict proof thereof.

26. The Defendants deny the material allegations of paragraph 26 of the Complaint and demand strict proof thereof.

### Count Two – Enforcement of Claim of Lien

27. The Defendants adopt and recite all of the foregoing responses in answer to the allegations of paragraph 27 of the Complaint.

28. The Defendants admit that the Plaintiff provided some labor and materials to the real property, but did not do so in compliance with the Contract, and admit that

Plaintiff has been fully paid for such labor and materials pursuant to the terms of the Contract. Defendants deny any remaining material allegations of paragraph 28 of the Complaint and demand strict proof thereof.

29. The Defendants admit that the Plaintiff has filed a Claim of Lien on Real Property, but deny that the Claim of Lien on Real Property is proper, properly filed or enforceable. The Defendants deny any remaining material allegations of paragraph 29 of the Complaint and demand strict proof thereof.

30. The Defendants deny that the Plaintiff is entitled to attorneys' fees under §44A-35 of the North Carolina General Statutes. The Defendants deny any remaining material allegations of paragraph 30 of the Complaint and demand strict proof thereof.

31. The Defendants deny that the Plaintiff is entitled to the relief sought in paragraph 31 of the Complaint. The Defendants deny any remaining material allegations of paragraph 31 of the Complaint and demand strict proof thereof.

## Count Three – Quantum Meruit

32. The Defendants adopt and recite all of the foregoing responses in answer to the allegations of paragraph 32 of the Complaint.

33. The Defendants admit that the Plaintiff provided some labor and materials to the real property, but did not do so in compliance with the Contract, and admit that Plaintiff has been fully paid for such labor and materials pursuant to the terms of the Contract. The Defendants deny any remaining material allegations of paragraph 33 of the Complaint and demand strict proof thereof.

34. The Defendants admit that the labor and materials provided by the Plaintiff had value, for which the Plaintiff has been fully paid. The Defendants deny any remaining material allegations of paragraph 34 of the Complaint and demand strict proof thereof.

35. The Defendants are without sufficient information or knowledge to know what the Plaintiff did or did not expect after failing to perform the work required of Plaintiff pursuant to the terms of the Contract, and therefore must deny the material allegations of paragraph 35 of the Complaint and demand strict proof thereof.

36. The Plaintiff has received all reasonable payment for the work performed and materials provided. It is unreasonable, under the circumstances, for the Plaintiff to expect any additional payment. The Defendants deny any remaining material allegations of paragraph 36 of the Complaint and demand strict proof thereof.

37. The Defendants fully paid for the labor and materials provided by the Plaintiff. The Defendants deny any remaining material allegations of paragraph 37 of the Complaint and demand strict proof thereof.

38. The Defendants accepted portions of the work and materials provided by the Plaintiff, and fully paid for the work and materials provided by the Plaintiff. The Defendants deny any remaining material allegations of the Complaint and demand strict proof thereof.

39. The Defendants deny that any remaining amounts are owed to the Plaintiff. The Defendants deny the remaining material allegations of the Complaint and demand

strict proof thereof.

## Count Four – Enforcement of Claim of Lien on Funds

40. The Defendants adopt and recite all of the foregoing responses in answer to the allegations of paragraph 40 of the Complaint.

41. Farmer Asheboro contracted with Persons Services to perform general contracting services for the development of the Property described in the Complaint. The Defendants deny any remaining material allegations of paragraph 41 and demand strict proof thereof.

42. Admitted.

43. Plaintiff provided some labor and material for the Property, but failed to do so according to the Contract. The Defendants deny any remaining material allegations of paragraph 43 of the Complaint and demand strict proof thereof.

44. Defendants admit that the document attached to the Complaint as Exhibit B speaks for itself, but deny that the Plaintiff is entitled to a lien. The Defendants deny any remaining material allegations of paragraph 44 of the Complaint and demand strict proof thereof.

45. Defendants deny that Farmers & Associates owes funds to Persons because Defendants deny that Persons owes funds to the Plaintiff. Defendants deny any remaining material allegations of paragraph 45 of the Complaint and demand strict proof thereof.

46. See response to paragraph 45 of the Complaint.

47. The Defendants state that the amounts Plaintiff claims are owed to Plaintiff have not been paid from Farmer & Associates or Farmer Asheboro to Persons Services. Defendants further deny that any amounts have been paid by Farmer & Associates or Farmer Asheboro to Persons Services on the Project since October 20, 2023. The Defendants deny any remaining material allegations of paragraph 47 of the Complaint and demand strict proof thereof.

48. Defendants deny that Plaintiff is entitled to a lien on funds. The Defendants deny any remaining material allegations of paragraph 48 and demand strict proof thereof.

49. Denied.

## Prayer for Relief

The Defendants deny that the Plaintiff is entitled to any of the relief cited in the Complaint.

## Affirmative Defenses

1. The Plaintiff fails to state a claim upon which relief can be granted.

2. The Plaintiff failed to mitigate its damages.

3. The Plaintiff's claims are due to be denied because the Plaintiff breached its obligations under the contract first.

4. The Plaintiff's claims are due to be denied because of Plaintiff's own negligence, wantonness, recklessness, gross negligence, fraud, misrepresentations, deceit, and suppression.

5. The Plaintiff's claims are due to be denied under the doctrines of waiver, estoppel, laches, unclean hands, acquiescence, accord & satisfaction, offset, recoupment, undue influence, duress, coercion and *in pari delicto*.

6. The Plaintiff's claims are due to be denied because the contract at issue is illegal, unenforceable, void or *void ab initio.*

7. The Plaintiff's claims are due to be denied because the Plaintiff failed to provide adequate or proper notice to the Defendants, as required by the Contract and/or law.

8. The Plaintiff's claims are due to be denied because of the Plaintiff's own conduct and/or malfeasance.

9. The Plaintiff's claims are due to be denied for failure or lack of consideration.

10. The Plaintiff's claims are due to be denied because the Plaintiff has been unjustly enriched or granting the Plaintiff relief would result in the Plaintiff's unjust enrichment.

11. The Plaintiff's claims are due to be denied due to the Plaintiff's lack of privity with each Defendant.

12. The Plaintiff's claims are due to be denied because granting the Plaintiff's requested relief would frustrate the purpose of the contract.

13. The Plaintiff's claims are due to be denied pursuant to the Statute of Frauds.

NPDocuments:62740700.1

14. The Plaintiff's claims are barred by the applicable Statutes of Limitations, Statute of Repose, contractual notice provisions or other applicable time limitations.

15. The Plaintiff's claims are due to be denied because the Plaintiff failed to meet each condition precedent.

16. The Plaintiff's claims are barred because the Plaintiff has failed to comply with the dispute resolution provisions of the Contract.

17. The Plaintiff's claims, including its claims of lien against funds and/or the property, have been waived and released.

18. Defendants plead the terms and conditions of any other Projects-related documents which may limit the remedies available to Plaintiff as a bar to Plaintiff's claims, including, without limitation, any terms and conditions in any contract, lien waivers, releases or other Projects-related documents.

19. Defendants plead Plaintiff's failure to comply with the requirements of Chapter 44A of the North Carolina General Statutes as a bar to its claims.

20. Plaintiff's lien claims are invalid because Plaintiff's lien claim amounts grossly exceed any amounts that it might be entitled to on the Project.

21. The Plaintiff's claims for quantum meruit, unjust enrichment and/or any other claims in equity are barred by the existence of express contracts.

22. The Plaintiff's claims quantum meruit, unjust enrichment and/or any other claims in equity are barred by the existence of an adequate remedy at law for Plaintiff, namely, Plaintiff's claims lien claims.

23. Without waiving any other claims and defenses upon which it continues to rely, the Defendants hereby give notice that they intend to rely upon any defenses that may become available or apparent during discovery in this matter and reserves the right to amend this responsive pleading if necessary, and to assert such defenses.

## COUNTERCLAIM

Defendant and Counter-Plaintiff, Persons Services, Corp. asserts this as its counterclaim against Plaintiff and Counter-Defendant Ricky Frazier Construction, LLC:

1. Counter-Plaintiff, Persons Services Corp. ("Persons Services") is an Alabama corporation principally doing business in Mobile, Alabama.

2. Counter-Defendant Ricky Frazier Construction, LLC is a North Carolina limited liability company principally doing business in North Carolina.

3. This Court has jurisdiction under 28 U.S.C. 1332(a) and venue is proper in this Court.

4. Counter-Plaintiff Persons Services hired Counter-Defendant Ricky Frazier Construction, LLC ("Ricky Frazier Const.") on November 11, 2022 to perform certain subcontractor work on a project located in Asheboro, North Carolina for Counter-Plaintiffs Farmer & Associates and Farmer Asheboro NC, LLC (the "Project"). The Project was subject to specific deadlines.

5. Ricky Frazier Const. failed to timely complete its work, subjecting Ricky Frazier Const. to contractually owed liquidated delay damages, as well as compensatory and consequential damages suffered by Persons Services.

6. First, Ricky Frazier Const. was required to begin demolition work on November 22, 2022 and complete it no later than December 5, 2022. Instead of appropriately using this time to timely complete the demolition work, Ricky Frazier Const. spent much of the time conducting unauthorized salvage of the building it was required to demolish. Ricky Frazier Const. did not complete the demolition work until December 9, 2022.

7. Second, Ricky Frazier Const. was required to begin stripping the ground on December 2, 2022 and complete this process by December 6, 2022. Though already behind schedule, Ricky Frazier Const. did nothing after the demolition work until January 10, 2023, when it finally began stripping the ground. This work was also done in an excessive amount of time and was not completed until February 15, 2023.

8. Third, these initial delays had a domino effect. All of Ricky Frazier Const.'s work was to be completed by December 26, 2022 (including demolition, stripping, site grading and building the pad). However, because of the inordinate and inexcusable delays in just the first two phases, the Project extended into the rainy season, which further created delays that would not have occurred but for Ricky Frazier Const.'s untimely performance.

9. Fourth, site grading was supposed to begin on December 7, 2022 and be complete on December 26, 2022. Because of the avoidable and unnecessary delays already caused by Ricky Frazier Const. and the work being done in the rainy season (when it should have been completed according to the construction schedule before the

NPDocuments:62740700.1

rainy season), this work was not begun by Ricky Frazier Const. until February 15, 2023 and was not completed until April 24, 2023.

10. Finally, Ricky Frazier Const. was required to complete the building of the pad on December 26, 2023. Instead, this was not completed until April 25, 2023.

11. Ricky Frazier Const. engaged in other conduct that wrongly caused delay throughout the Project. For example, Ricky Frazier Const. wrongly claimed there was a smell and refused to work. Persons Services was forced to hire an engineering firm to investigate the smell, and it determined that there were no toxins or smell. This caused additional expense and delay. As other examples, Ricky Frazier Const. failed to implement proper water mitigation, routinely failed to heed the instruction of the Project engineer regarding undercutting and otherwise breached its contract and acted in bad faith.

12. In total, Ricky Frazier Const.'s conduct, mismanagement and blatant failure to perform as required by the Contract, caused significant and costly delays on the Project, including Persons Services' incurring additional engineering costs, project management costs, supervision costs, insurance costs, lodging costs, temporary facility costs, additional overhead expenses and other costs associated with the unnecessarily extended construction phase for which Ricky Frazier Const. was responsible.

## Count One – Breach of Contract

13. The Counter-Plaintiff incorporates, as if fully restated herein, all of the allegations of this Answer and Counterclaim.

14. Ricky Frazier Const. had a Contract with Persons Services to perform subcontractor work on the Project.

15. Ricky Frazier Const. failed to timely and properly perform its obligations under the Contract.

16. Ricky Frazier Const. further breached the Contract by asserting liens after waiving any and all lien rights related to the Contract.

17. Counter-Plaintiff was damaged by these breaches, including incurring delay damages and incurring additional costs and expenses that would not have been incurred but for Ricky Frazier Const.'s delay and other breaches of the Contract.

18. Pursuant to N.C. Gen. Stat. § 6-21.2 and the attorneys' fees provision contained in the Contract, Ricky Frazier Const. is liable to Counter-Plaintiff for its reasonable attorneys' fees in this matter. Ricky Frazier Const. is hereby given notice of Plaintiff's intent to enforce said attorneys' fees provision unless Ricky Frazier Const. makes full payment of the outstanding balance owed to Counter-Plaintiff within five (5) days from the date this Counterclaim is served on it.

WHEREFORE, the Defendants and Counter-Plaintiff pray to the Court as follows:

(a) That Plaintiff have and recover nothing from Defendants and that Plaintiff's claims be dismissed with prejudice,

(b) That Plaintiff's lien claims be cancelled, released and dismissed with prejudice,

(c) That the Defendants have and recover from Plaintiff all costs of this

action, including, without limitation, the Defendants' attorneys' fees pursuant to N.C. Gen. Stat. § 44A-35 or other applicable law,

      (d)     That Counter-Plaintiff has and recovers a judgment in its favor on its Counterclaim for compensatory damages, special damages, exemplary damages, lost profits, consequential damages, incidental damages, attorneys' fees, interest, expenses and costs,

      (e)     That Counter-Plaintiff recover its costs and expenses incurred in this action, including its attorneys' fees, as allowed by N.C. Gen. Stat. § 6-21.2 or otherwise;

      (f)     For any such other, further or different relief to which Defendants and Counter-Plaintiff are entitled.

Respectfully submitted on this 21st day of March, 2024.

                                       <u>/s/ Jeffrey M. Reichard</u>
                                       Jeffrey M. Reichard
                                       N.C. Bar No. 38453
                                       jreichard@maynardnexsen.com
                                       MAYNARD NEXSEN, PC
                                       800 Green Valley Road, Suite 500
                                       Greensboro, North Carolina 27408
                                       T: 336-387-5139, F: 336-387-8937
                                       *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2024, the foregoing **ANSWER AND COUNTERCLAIM** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to the following:

Kevin A. Rust
Carruthers & Roth, P.A.
P.O. Box 540
Greensboro, NC 27402
kar@crlaw.com

/s/ Jeffrey M. Reichard
Jeffrey M. Reichard
N.C. Bar No. 38453
jreichard@maynardnexsen.com
MAYNARD NEXSEN, PC
800 Green Valley Road, Suite 500
Greensboro, North Carolina 27408
T: 336-387-5139, F: 336-387-8937
*Attorneys for Defendants*